IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-0060 (RBW) |
| ) | |
| LIBBEY INC., *et al.*, ) | **FILED** |
| ) | |
| Defendants. ) | MAY 2 0 2002 |
| ) | |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S DISTRICT COURT |

### ORDER

This matter is before the Court on Defendants' Joint Motion to Vacate the Preliminary Injunction ("Defs'. Mot.") [#83] and plaintiff's opposition thereto [#84]. Defendants assert that the factual basis upon which the Court relied in concluding that the Federal Trade Commision ("FTC") had demonstrated a likelihood of success on the merits no longer exists. Defendants argue that in response to the Court's Memorandum Opinion issued on April 22, 2002, they made the following changes to their proposed acquisition:

- Newell Rubbermaid[, Inc. ("Newell")] and Owens-Illinois, Inc., ("Owens-Illinois") the parent of Cristar, S.A. ("Cristar"), renegotiated [their glasware] supply agreement so that Rubbermaid Commerial Product's ("RCP's") costs of supply (which the Court found would exceed Anchor Hocking's [("Anchor")] standard costs of production; are now <u>less</u> than the Anchor['] . . . standard costs of production;

- Newell . . . will retain employees that the Court found essential to Anchor's . . .



- success; and

- Libbey[, Inc. ("Libbey")] and Newell will consent to an injunction[1] . . . to maintain the assets pending any administrative proceeding to preserve the FTC's ability to achieve any necessary remedy.

(Memorandum of Law in Support of Defendants' Joint Motion to Vacate the Preliminary Injunction ("Defs.' Mem." at 1). According to defendants, these changes amount to a change in circumstances that obviates the need for the preliminary injunction. (Id. at 2). However, the Court still has concerns that Libbey's proposed acquisition of Anchor from Newell may have an anti-competitive effect. Accordingly, Defendants' Joint Motion to Vacate Preliminary Injunction is denied.

The Court's concerns are the following: Although defendants contend that Cristar has renegotiated the supply agreement so that RCP's costs of supply are now lower than Anchor's standard costs of production, defendants do not have an agreement for stemware supply.[2] (Plaintiff's Memorandum in Opposition to Defendants' Motion to Vacate This Court's Preliminary Injunction Order ("Pl.'s Opp") at 9; DX 144).[3] Plaintiff maintains that stemware, which is difficult to make and requires a significant investment, is the most profitable part of

---

[1] "The proposed consent injunction would require Libbey to continue to operate Anchor Hocking plants and, except for certain improvements, maintain the equipment in the plants and not commingle it with Libbey's existing facility pending the FTC's administrative proceeding." Defs' Mem. at 7.

[2] The Court neglected to identify this factor as further reason why FTC administrative review was required before the merger at issue could be sanctioned in its Memorandum Opinion. That was an oversight and this factor is now incorporated into the Memorandum Opinion as further cause for the Court's concern that the merger may have an adverse impact on competition in the relevant product market.

[3] DX refers to exhibits submitted by defendants in their pleadings related to the FTC's motion for preliminary injunction.

Anchor's food service business and is essential for competition in the food service market. (Id.) The Court credits plaintiff's position. Additionally, in their motion to vacate the preliminary injunction defendants do not address the potential tariff costs that Peldar, S.A. may have to pay. Thus, the Court continues to have concerns that potential tariff costs will lead to an increase in Peldar, S.A.'s production costs, which will then be passed on to consumers. Further, as indicated in the Court's Memorandum Opinion, if Anchor is eliminated from the market, there is no other viable alternative to Libbey's food service glassware that consumers could rely upon to acquire their glassware at the lower prices now offered by Anchor. And although the changes defendants propose may ensure that RCP will be a viable alternative to Anchor, the concerns expressed above still lead the court to the conclusion that the proposed merger must be vetted at a full administrative hearing before the FTC.

In conclusion, the Court continues to believe that the facts as presented makes the FTC's concerns plausible and therefore sufficient to establish that the acquisition may have an anti-competitive effect on the market. The Court concludes that the changes made by defendants do not amount to a change in circumstances that are sufficient to obviate the need for the preliminary injunction entered on April 22, 2002.

Accordingly, defendants' motion to vacate the preliminary injunction is DENIED.

SO ORDERED this 17th day of May, 2002.

REGGIE B. WALTON
United States District Judge

copies to

Rhett R. Krulla
601 Pennsylvania Avenue, N.W.
Suite 3102
Washington, D.C. 20004

Steven H. Schulman
LATHAM & WATKINS
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

E. Marcellus Williamson
LATHAM & WATKINS
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Richard C. Weisberg
512 Prescott Road
Merion, Pennsylvania 19066

William S. D'Amico
Chadbourne & Parke
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Belinda J. Scrimenti
1700 Diagonal Road
Suite 550
Alexandria, Virginia 22314

James V. Dick
Squire, Sanders & Dempsey, L.L.P.
1201 Pennsylvania, Avenue, NW
P.O. Box 407
Washington, D.C.  20044